**UNITED STATES of America,**
**Appellee,**

v.

**Jose Garcia AYALA, Defendant–**
**Appellant,**

---

1. Jen does not challenge the IJ's finding that his asylum claim was untimely under 8 U.S.C. § 1158(a)(2).

438

**Heriberto FLORES, Sergio Trellas, and Oscar Ortiz, Defendants.**

No. 04–2990.

United States Court of Appeals, Second Circuit.

Feb. 18, 2005.

Philip L. Weinstein, New York, NY, for Defendant–Appellant.

Jacob W. Buchdahl, Assistant United States Attorney, (David N. Kelley, United States Attorney for the Southern District of New York, Celeste L. Koeleveld, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: MCLAUGHLIN, HALL and JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

Jose Garcia Ayala appeals from a judgment of conviction entered on May 12, 2004 in the United States District Court for the Southern District of New York (McMahon, *J.*) following a jury trial. The jury convicted Ayala of one count of conspiring to distribute and possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846 and one count of possessing with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A) and 18 U.S.C. § 2.

On appeal, Ayala argues that the district court violated his Sixth Amendment rights when imposing sentence because (1) although he was only convicted of offenses involving five or more kilograms of cocaine, the court found that the offenses involved twenty-six kilograms of cocaine and sentenced him accordingly; and (2) the court refused to sentence him under U.S.S.G. § 2D1.8 (participation in distribution limited solely to allowing use of premises). Familiarity with the facts and proceedings below is assumed. We affirm.

This Court reviews a district court's factual findings relevant to sentencing for clear error. *E.g., United States v. Johnson,* 378 F.3d 230, 238 (2d Cir.2004). The district court's factual determination that Ayala's offense involved 26 kilograms of cocaine was not clearly erroneous.

We take an "either/or approach" when reviewing a district court's application of the Guidelines to the facts. *United States v. Vasquez,* 389 F.3d 65, 74–75 (2d Cir. 2004). Under this approach, an application determination that involves primarily a question of law is reviewed *de novo,* whereas an application determination that involves primarily a question of fact is reviewed for clear error. *See id.*

A district court must employ § 2D1.8 to sentence a defendant convicted of a narcotics conspiracy if the district court determines that the "defendant had no participation in the underlying controlled substance offense other than allowing use of the premises." U.S.S.G. § 2D1.8(a)(2). Thus, whether to apply § 2D1.8 involves primarily a question of fact, i.e., whether the defendant participated in the narcotics offense beyond allowing the use of the premises. We therefore review this de-

---

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting    by designation.

termination for clear error and again find that none occurred. The district court correctly determined Ayala's Guidelines range.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED. Without requiring alteration of the sentence imposed, this case is REMANDED for reconsideration and further proceedings in light of *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). *See id.* at 119–20.